# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-228V
(Filed: January 29, 2015)

```
* * * * * * * * * * * * * *
ROBERT WIGGINS,                    *    UNPUBLISHED
                                   *
            Petitioner,            *    Special Master Hamilton-Fieldman
                                   *
      v.                           *
                                   *    Influenza (Flu) Vaccine; Guillain-
SECRETARY OF HEALTH AND            *    Barré Syndrome ("GBS"); Stipulation;
HUMAN SERVICES,                    *    Damages; Attorneys' Fees and Costs;
                                   *    Reasonable Amount Requested to Which
            Respondent.            *    Respondent Does Not Object.
* * * * * * * * * * * * * *
```

Danielle A. Strait, Maglio, Christopher, and Toale, P.A., Washington, D.C., for Petitioner.
Traci R. Patton, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES[1]

On April 1, 2013, Petitioner, Robert Wiggins, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleges that, as a result of receiving an influenza ("flu") vaccine in February 2011[3], he suffered from Guillain-Barré syndrome.

On January 29, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation and attorneys' fees. Respondent denies that

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, "the entire" decision will be available to the public.  Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] A fact hearing was held on April 9, 2014 to determine the date of vaccination and the undersigned ruled from the bench.  The undersigned ruled that Petitioner received the influenza vaccination in "late February to early March 2011."  Order, dated April 9, 2014.

Petitioner's influenza vaccine caused GBS or any other injury or condition.  Nonetheless, both parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages and attorneys' fees, on the terms set forth therein.

The parties stipulate that Petitioner and his attorney shall receive the following compensation:

**A lump sum of $140,000.00 in the form of a check payable to Petitioner**.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

**A lump sum of $26,000.00 in the form of a check jointly payable to Petitioner and Petitioner's attorney, Danielle A. Strait**, of Maglio, Christopher & Toale, P.A., pursuant to 42 U.S.C. § 300aa-15(e), for attorneys' fees and costs; and

**A lump sum of $258.72, in the form of a check payable solely to Petitioner,** for costs he incurred in proceeding on the petition.

Stipulation ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation and for attorneys' fees.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.